■ LONG ISLAND LIGHTING COMPANY, Plaintiff, and KEYSPAN CORPORATION, Appellant, v ALLIANZ UNDERWRITERS INSURANCE COMPANY et al., Respondents, et al., Defendant. [771 NYS2d 123]—

Order, Supreme Court, New York County (Ira Gammerman, J.), entered July 10, 2003, which, in an action involving

environmental insurance coverage, inter alia, (1) prohibited the parties and their counsel from unilaterally initiating contact with plaintiff insured's former employees who are potential witnesses, (2) explicitly directed how such employees could be contacted and advised as to their right to counsel, including the court's recommendation in that regard, and (3) directed that if any such witness still wanted counsel at the deposition, that each side offer to provide counsel at no cost to the witness, that such counsel be present to avoid delay, and that the witness make a selection as between the alternatives presented, and (4) limited such witness's predeposition consultation with counsel to one hour unless all counsel agreed otherwise, unanimously affirmed, with costs.

The subject order, establishing procedures for contacting plaintiff's former employees in advance of their depositions and for offering them legal representation thereat, was a proper exercise of discretion. It effectively preserves the right to full disclosure while avoiding the appearance of impropriety or tactical advantage that would result were either side permitted to offer the witnesses legal representation prior to their depositions. The time, place and manner restrictions on predeposition ex parte communications are imposed equally against both sides, and nothing in the order precludes a witness from selecting the attorney offered to him/her by plaintiff's counsel. The one-hour restriction on consultation is warranted by the nature of the disclosure sought and case management considerations. We reject plaintiff's argument that its counsel has an ethical obligation under Code of Professional Responsibility DR 7-101 (22 NYCRR 1200.32) to provide representation to its former employees. We also reject plaintiff's arguments that the order violates its constitutional right to communicate with witnesses and the witnesses' constitutional right to counsel. Concur— Nardelli, J.P., Ellerin, Williams and Gonzalez, JJ.